**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4210**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY ALEXANDER DEVINE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:07-cr-00010-D-1)

Submitted: February 10, 2009         Decided:  March 9, 2009

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Scott L. Wilkinson, SCOTT L. WILKINSON & ASSOCIATES, PC, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Alexander Devine pleaded guilty to possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924 (2006), and was sentenced to a term of 262 months of imprisonment. Devine argues on appeal that his sentence is unreasonable because the district court's departure above the Sentencing Guidelines range pursuant to U.S. Sentencing Guidelines Manual § 4A1.3 (2006) was unwarranted and the two-offense-level departure was excessive. We affirm.

In considering whether an upward departure was appropriate, the court noted several items regarding Devine's criminal history and recidivism, including that he committed the predicate offense while on probation for a conviction for possession of a firearm by a convicted felon, he had seven prior probation violations with five resulting revocations, he was convicted of nine disciplinary infractions while incarcerated for conspiracy to commit armed robbery with a dangerous weapon, and he is a known leader of the Bloods gang. After hearing argument of defense counsel, which included the observation that Devine's armed career criminal designation already subjected him to a nearly doubled Guidelines range, and the Government's recommendation to sentence within the Guidelines range, the court concluded that Devine's criminal history category seriously under-represented the seriousness of his criminal

2

history and the likelihood that he would commit other crimes and particularly noted his young age. The court concluded that an upward departure to level 32 was appropriate, resulting in a Guidelines range of 210 to 262 months, and imposed a 262-month sentence. In fashioning the sentence, the court relied on Devine's history, noting that he committed the predicate offense while on probation from serving a state armed felon offense; that he had seven felony convictions, including three violent felonies involving firearms; that he has trafficked illegal drugs from his house, exposing his daughter to crime and violence in the home; that he had opportunities to address substance abuse issues, but failed to complete court ordered substance abuse programs on two occasions; that his prior lenient sentences and conduct while on probation did not promote respect for the law; that he would not be deterred from crime absent a lengthy sentence; and that there is an extremely high likelihood of recidivism.

We review a sentence for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 597 (2007). First, this court must "ensure that the district court committed no significant procedural error," including improperly calculating the Guidelines range, not considering the 18 U.S.C. § 3553(a) (2006) factors, relying on clearly erroneous facts, or giving an inadequate explanation for the sentence. United States v.

3

Osborne, 514 F.3d 377, 387 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 128 S. Ct. 2525 (2008). The court then considers the substantive reasonableness of the sentence imposed, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 128 S. Ct. at 597.

Devine argues that the upward departure resulted in his being punished excessively because his criminal history had already established his criminal history score and his prior convictions for a crime of violence enhanced his offense level. He also contends that the court should not have relied on the same factors to depart upward and then place his sentence at the high end of the resulting Guidelines range. No error occurred in this regard, however.

A district court may depart upward from an applicable Guidelines range if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." USSG § 4A1.3(a). The district court decided that Devine's history of committing seven felonies by the age of twenty-six and his several probation violations established a high likelihood that he would commit other crimes without a lengthy sentence. The court also considered Devine's sale of

drugs from his home and that previous, more lenient sentences had not deterred him from criminal conduct.

We conclude that the court's decision to depart under § 4A1.3 and its two-offense-level departure from 30 to 32 was factually supported and that the resulting sentence was reasonable. Moreover, the court adequately explained its reasons for the departure.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5